UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAIA BATTLE, <br><br> Plaintiff, <br><br> -against- <br><br> UNITED STATES OF AMERICA, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, JOHN DOES 1-4, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

Plaintiff Kaia Battle, by his attorneys, Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for damages under the Federal Tort Claims Act ("FTCA"), the Constitution of the United States, the Constitution of the State of New York, and the common laws and statutes of the State of New York, for the permanent injuries she suffered at the hands of federal/The Port Authority of New York and New Jersey ("Port Authority") agents while detained at the John F. Kennedy International Airport ("JFK").

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1331, 28 U.S.C. § 1346(b), and 28 U.S.C. §§ 2761–80. This action is also brought pursuant to 42 U.S.C. §§ 1983 for violations of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, and the common laws of the State and New York.

3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

4. Venue is proper under 28 U.S.C. § 1402(b) in the District Court for the Eastern District of New York, because the acts and omissions giving rise to Plaintiff's claims occurred within the Eastern District of New York.

5. On April 29, 2024, Plaintiff properly served her claims on U.S. Customs and Bored Protection and the Department of Homeland Security, as required by 28 U.S.C. §§ 2765(a).

6. On October 31, 2024, Plaintiff received a response from U.S. Customs and Border Protection denying her claim.

7. It has been over six months and Plaintiff has not received a response from the Department of Homeland Security, which statutorily results in a final denial of her claim.

8. On November 7, 2024, Plaintiff served a Notice of Claim on the Port Authority, as required by N.J. Rev. Stat. § 32:1-163.

9. On December 12, 2024, Plaintiff received a response letter from the Port Authority indicating that the incident is currently under investigation.

10. Accordingly, Plaintiff has complied with all statutorily jurisdictional requirements and conditions precedent to commencement and prosecution of this litigation.

**PARTIES**

11. Plaintiff current is and has been at all times relevant to this action, a resident of Hudson County in the State of New Jersey.

12. Defendant United States of America is sued for personal injuries to Plaintiff caused by the wrongful or negligent acts or omission of Defendants' agents or employees, who were acting within the scope of the office or employment under circumstances where the United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the State of New York. *See* 28 U.S.C. § 1346(b).

13. The Port Authority of New York and New Jersey is a municipal entity duly formed and existing under and by virtue of the laws of the State of New York. The Port Authority owns the premises known as the John F. Kennedy International Airport.

14. Defendant John Does 1-4 ("Defendant Does") were at all relevant times described herein Port Authority agents/officers, employed by the Port Authority.[1] At all relevant times described herein they were acting under the color of law and in the course and scope of the duties attendant to that employment. Each John Doe is sued in their individual capacity.

15. The true names of the Defendant Does are not currently known to the Plaintiff. However, they are employees or agents of the Port Authority and are entitled to representation by the Port Authority.

**FACTUAL ALLEGATIONS**

16. On or about February 29, 2024, Plaintiff was returning to the New York City area from Punta Cana, Dominican Republic on Jet Blue Flight No. 268.

17. When she arrived at JFK around 6:00 p.m., she was apprehended by U.S. Customs/Homeland Security/Port Authority and detained for approximately five hours.

18. Around approximately 10:52 p.m., one of the Defendant Does inexplicably wanted Plaintiff to remove her jacket. When she refused to do so, the Defendant Does proceeding to use excessive force to grab and rip her jacket off of her.

19. In the process, Plaintiff's hand was badly cut on a metal bench inside the detention cell. The bench had a sharp metal edge to it, that had negligently been left in a dangerous condition.

---

[1] Plaintiff does not know if the Defendant Does are in fact employees of the Port Authority. In an effort to preserve her claims, they are pled as employees of the Port Authority, and in the alternative, to preserve her claims under the FTCA, as employees of the United States. Once Plaintiff determines the employer of the Defendant Does, she will request leave of the Court to amend her complaint.

3

20. Medical personnel were called, and it took approximately ten minutes for them to respond.

21. Plaintiff waited an additional ten minutes before the ambulance arrived and she was taken to Jamaica Hospital, where she received over ten stitches.

22. She was returned to Port Authority custody shortly thereafter, arraigned on March 1, 2024, and then sent to Rikers for two weeks.

23. Since being released from Rikers, Claimant has received occupational therapy for her hand, due to pain, scarring, and stiffness. Additionally, she has seen a hand specialist, who has indicated nerve damage and the need for future surgery.

### FIRST CLAIM FOR RELIEF:
### ASSAULT, BATTERY, AND NEGLIGENCE BY FEDERAL LAW ENFORCEMENT UNDER THE FEDERAL TORT CLAIMS ACT

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

25. Federal agents and employees have a duty to refrain from excessive and unnecessary force against persons within their custody and control.

26. Federal agents and employees have a duty to maintain upkeep up their premises to avoid unnecessary injury by potential detainees.

27. Federal agents breached this duty by using excessive force against Plaintiff, causing her to cut open her hand on a negligently maintained bench with sharp edges.

28. As a result of this assault, Plaintiff endured immense pain and suffering, and significant, permanent physical injury.

29. The United States is liable for these tortious acts under the Federal Tort Claims Act because they were committed by federal agents or employees who were acting within the scope of

4

the office or employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the State of New York.

## SECOND CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## AGAINST THE DEFENDANT DOES

30. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

31. The Defendant Does used physical force against Plaintiff.

32. Plaintiff's seizure and detention at the hands of the Defendant Does was made in the absence of probable cause. The unwanted physical contact was therefore unlawful and unconstitutional.

33. Even assuming arguendo that Plaintiff's arrest was lawful, the Defendant Does engaged in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to plaintiff.

34. That by virtue of the aforementioned acts by the Defendant Does, Plaintiff was deprived civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Defendant Does therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

35. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

36. As a result of the above unconstitutional conduct, the Defendant Does are liable for punitive damages.

## THIRD CLAIM FOR RELIEF:
## ASSAULT AGAINST THE DEFENDANT DOES AND THE PORT AUTHORITY

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

38. The Defendant Does intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

39. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

40. As a result of the above tortious conduct, the Defendant Does are liable for punitive damages.

41. The Port Authority is liable for the conduct of the Defendant Does and any damages they caused under the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF:
## BATTERY AGAINST THE DEFENDANT DOES AND THE PORT AUTHORITY

42. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

43. The Defendant Does intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner struck Plaintiff and handcuffed him without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

44. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

45. As a result of the above tortious conduct, the Defendant Does are liable for punitive damages.

46. The Port Authority is liable for the conduct of the Defendant Does and any damages they caused under the doctrine of *respondeat superior*.

## FIFTH CLAIM FOR RELIEF:
## NEGLIGENCE AGAINST THE DEFENDANT DOES AND THE PORT AUTHORITY

47. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth herein.

48. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1 and 6.

49. Employees of the Port Authority and the Port Authority itself, including the Defendant Does, created and allowed to continue horrific conditions that deprived detainees and Plaintiff of the minimal civilized measure of life's necessities and subjected them to unreasonable health and safety risks. Specifically, the bench was left with a sharp metal edge that allowed Plaintiff to be injured. Plaintiff was furthermore subjected to unreasonable physical harm by the Defendant Does without just cause.

50. These employees of the Port Authority were negligent in allowing the aforementioned conditions to be created and persist.

51. The Port Authority is liable for the conduct of the Defendant Does and any damages they caused under the doctrine of *respondeat superior*.

52. Violations of the state constitution are actionable because under 42 U.S.C. § 1983 there is no *respondeat superior* liability and no punitive damages, and thus the federal claims are not a sufficient replacement for the state constitutional claims.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of Defendants:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    The convening and empaneling of a jury to consider the merits of the claims herein;

    d.    Costs and interest and attorney's fees;

    e.    Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       February 28, 2025

Rickner PLLC

By:    /s/

    Sara Wolkensdorfer

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*